UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 17-29-DLB-CJS**

JOYCE McCORD                                                                                    PLAINTIFF

V.                          **MEMORANDUM OPINION & ORDER**

**THE T.J. MAXX COMPANIES, INC.**                                                     DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

The Defendant, T.J. Maxx Companies, Inc. ("T.J. Maxx"), moves for summary judgment against Plaintiff Joyce McCord, arguing that Plaintiff has nto stated a claim upon which relief can be granted. (Doc. # 9). The Motion for Summary Judgment is fully briefed (Docs. # 10 and 11) and ripe for review. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. For the reasons that follow, T.J. Maxx's Motion for Summary Judgment is granted and Plaintiff's claims are dismissed.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On April 17, 2016, Plaintiff Joyce McCord, who was eighty-five-years-old at the time, was shopping at T.J. Maxx in Florence, Kentucky. While shopping at T.J. Maxx for approximately an hour and a half, the Plaintiff decided to purchase dog food, and tried on several articles of clothing she intended to purchase. (Doc. # 10-1 at 16:12-22). In her first trip to the fitting room, the Plaintiff tried on a pair of pajamas. *Id.* The Plaintiff continued to look around and found a blouse she was interested in purchasing. *Id.* at 16:19-22. As she reentered the fitting room, the Plaintiff slipped and fell. *Id.* at 16:24-25.

1

No T.J. Maxx employee, or other customers, saw Plaintiff fall. (Doc. # 9-1 at 69:15-70:10; 73:3-25). However, shortly after the Plaintiff fell, Ashley Kidwell, an employee, saw the Plaintiff laying on the ground, and Kelly Roush, the manager on duty, came into the fitting room to assist the Plaintiff. *Id.* at 68:17-23; 73:22-25. Neither the Plaintiff nor any T.J. Maxx employees observed any foreign substances on the floor before or after the fall. *Id.* at 69:13-14. Nevertheless, the Plaintiff contends that she slipped, and therefore, there must have been something on the floor. (Doc. # 10 at 6).

On May 18, 2016, Plaintiff filed suit against T.J. Maxx in Boone County Circuit Court, asserting a claim for negligence. (Doc. # 1-2 at 2-3). Specifically, the Plaintiff alleges that T.J. Maxx violated its duty to maintain safe premises for the use of their business invitees, and that as a result, the Plaintiff sustained injuries. *Id.* at 2. On March 1, 2017, T.J. Maxx removed this action to federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1441(a). (Doc. # 1). On April 20, 2017, T.J. Maxx filed the instant Motion for Summary Judgment, seeking judgment as a matter of law and arguing that the Plaintiff has failed to establish an essential element of her claim—the existence of a foreign substance on the floor. (Doc. # 9).

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the record reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence … for a jury to return a verdict for" the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The "moving party bears the burden of

showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). Once a party files a properly supported motion for summary judgment, by either affirmatively negating an essential element of the non-moving party's claim or establishing an affirmative defense, "the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. However, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Id.* at 252.

The Court must "accept Plaintiff's evidence as true and draw all reasonable inferences in [her] favor." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Anderson*, 477 U.S. at 255). The Court is not permitted to "make credibility determinations" or "weigh the evidence when determining whether an issue of fact remains for trial." *Id.* (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestle USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251-52). If there is a dispute over facts that might affect the outcome of the case under governing law, the entry of summary judgment is precluded. *Anderson*, 477 U.S. at 248.

As the party moving for summary judgment, T.J. Maxx must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Plaintiff's claim. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming T.J. Maxx satisfies its burden, the Plaintiff "must—by deposition, answers to interrogatories, affidavits, and

admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### B. The Defendant is entitled to judgment as a matter of law.

To prevail on a negligence claim under Kentucky law, the Plaintiff must prove: (1) that the defendant owed the plaintiff a duty of care, (2) breach of that duty, and (3) that the breach was the legal causation of the consequent injury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003); *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012). The existence of a duty is a question of law for the court to decide, breach and injury are questions of fact for the jury to determine. *Pathways*, 113 S.W.3d at 89.

In the premises-liability context, "a property owner, such as [T.J. Maxx], must exercise reasonable care to protect invitees, such as Plaintiff, from hazardous conditions that the property owner knew about or should have discovered and that the invitee could not be expected to discover." *Denney v. Steak N Shake Operations, Inc.*, 559 F. App'x 485, 487 (6th Cir. 2014) (citing *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 432-33 (Ky. 2003)). Therefore, the first element—the existence of a duty—has been established. Whether T.J. Maxx breached that standard of care and whether that breach was the cause of Plaintiff's injuries are more difficult questions.

Kentucky has adopted a "burden-shifting approach to premises liability." *Lanier*, 99 S.W.3d at 436 (overruling prior cases which placed entire burden of proof on the injured customer). First, the customer-plaintiff must prove three elements:

> (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were

4

not in a reasonably safe condition for the use of business invitees.

*Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003) (citing *Lanier*, 99 S.W.3d at 435-36). "Such proof creates a rebuttable presumption sufficient to avoid a summary judgment or directed verdict." *Id.* If the Plaintiff meets her burden, the burden of proof shifts to T.J. Maxx, who must prove "the absence of negligence, *i.e.*, the existence of reasonable care." *Id.* Although "a business is not an insurer of its patrons' safety and is not strictly liable for injuries suffered by a customer on its premises," T.J. Maxx must show that it exercised reasonable care in maintaining the premises in a reasonably safe condition. *Lanier*, 99 S.W.3d at 436.

T.J. Maxx argues that Plaintiff has failed to meet her initial burden. (Doc. # 9). Specifically, T.J. Maxx claims that the Plaintiff has not cleared the threshold hurdle—she has not proven, or created a genuine dispute, as to whether she had an encounter with a foreign substance or other dangerous condition on the business premises. *Id.* at 7. The Court agrees. It is undisputed that the Plaintiff fell; however, to survive summary judgment, the Plaintiff must create a genuine dispute as to *why* she fell. The Plaintiff has failed to do so. Therefore, Plaintiff's "claim falls short of the 'low bar'" required to overcome summary judgment in a slip-and-fall case. *Hazley v. Wal-Mart Stores E. LP*, No. 3:13-cv-960-JGH, 2014 WL 5366115, at *4 (W.D. Ky. Oct. 21, 2014).

Kentucky courts have held that a plaintiff can establish that she had an "encounter with a foreign substance or other dangerous condition" by pointing to a discrete hazard on the floor. *See Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 896 (Ky. 2013) (plaintiff slipped on wet tile that appeared to be dry); *Martin*, 113 S.W.3d at 96-98 (plaintiff slipped on oil); *Lanier*, 99 S.W.3d at 433 (plaintiff slipped on clear liquid). The Plaintiff

need not know "the exact nature and source of the substance" on the floor; however, the Plaintiff must present evidence that there *was* a foreign substance on the floor. For example, courts have held that a plaintiff's sworn testimony that the entire floor in the restaurant was slick and that he saw "others in the restaurant slipping on the floor satisfied [the first] element of his prima facie case." *Denney*, 559 F. App'x at 487-88. A plaintiff's sworn testimony that she saw a "brown, sticky, textured substance on the floor" and the production of her shoe with a dark substance on it was also sufficient. *Vaughn v. Target Corp.*, No. 3:13-cv-521-JGH, 2014 WL 4999194, at *1 (W.D. Ky. Oct. 7, 2014). So too is a plaintiff's sworn testimony that she slipped on "an oily substance." *CBL & Assocs. Management, Inc. v. Chatfield*, No. 2015-CA-826-MR, 2017 WL 1548199 (Ky. Cy. App. Apr. 28, 2017).

Although the "Plaintiff's burden at this stage of a slip-and-fall case is not substantial where Plaintiff has presented sworn testimony to establish its prima facie case," the Plaintiff must present *some* evidence, beyond mere speculation. *Vaughn v. Target Corp.*, No. 3:13-cv-521-JGH, 2014 WL 4999194, at *2 (W.D. Ky. Oct. 7, 2014) (citing *Denney*, 559 F. App'x at 486). Thus, where a plaintiff offers only her own testimony that she slipped and an unsupported hypothesis as to why, courts have granted summary judgment in the defendant's favor. *See, e.g.*, *Jones v. Abner*, 335 S.W.3d 471 (Ky. Ct. App. 2011) (plaintiff's "speculative hypothesis that a 'slick residue' was left in the bathtub after it was cleaned" was insufficient to survive summary judgment); *Edwards v. Capitol Cinemas, Inc.*, No. 2003-CA-246-MR, 2003 WL 23008792, at *1 (Ky. Ct. App. Dec. 24, 2003) (holding plaintiff's allegation "that the pavement where she slipped was terrazzo, and that the theatre may in the past have placed a rug along the terrazzo portion" did "not

meet the [plaintiff's] prima facie burden of proof"); *Roberts v. Jewish Hosp., Inc.*, No. 2012-CA-1182-MR, 2013 WL 5048294, at *1 (Ky. Ct. App. Sep. 13, 2013) (plaintiff, who was "uncertain what had caused her to fall" but "confident she had not tripped over [her own] feet," failed to survive summary judgment because she did not establish the floor was "imperfect, defective or dangerous"); *Hazley*, 2014 WL 5366115, at *3 (holding that "[w]hen the plaintiff relies solely on her own testimony to overcome summary judgment an allegation that her injury "may have been" caused by an unidentified defect in an unspecified location on the defendant's property is insufficient"); *Smith v. Steak N Shake*, No. 3:14-cv-642-TBR, 2016 WL 4180002, at *3 (W.D. Ky. Aug. 5, 2016) (granting summary judgment where plaintiff "offer[ed] only a speculative hypothesis that some substance from the 'greasy and sticky' spot under the table adhered to her shoes" and "caused her to fall").

Here, the Plaintiff has not established that she encountered a foreign substance or dangerous condition on T.J. Maxx's premises. Although she has consistently claimed that *something* slick on the dressing-room floor caused her to slip and fall, the Plaintiff has failed to prove that there was a foreign substance on the floor. (Doc. # 10-1 at 10:7-8, 16:24-25, 23:10-11, 39:17). She has been unable to provide any witnesses, videos, or pictures that confirm the existence of a foreign substance on the floor. *Id.* at 23:6-10. In fact, even the Plaintiff is unable to testify that there *was* a foreign substance or dangerous condition on T.J. Maxx's floor. *Id.* at 21:21-23. Instead, she simply suggests that she slipped, and therefore, there must have been "something that made [her] slip." (Docs. # 10 at 5; 10-1 at 23:10-11).

But "the mere fact of a slip is not sufficient to prove the existence of a dangerous condition."[1] *Edwards*, 2003 WL 23008792, at *1. The Court will "not presume [T.J. Maxx] was negligent merely because [the Plaintiff] fell and suffered an injury." *Roberts*, 2013 WL 5048294, at *2. Plaintiff's there-must-have-been-something-on-the-floor "argument amounts to nothing more than pure conjecture because she provides nothing of substance to support her position." *Jones*, 335 S.W.3d at 475. "'[S]peculation and supposition' are not enough to survive a motion for summary judgment." *Id.* at 476. Accordingly, Plaintiff's "speculative hypothesis" that "there must have been something on the floor" is insufficient to create a genuine issue of material fact, leaving summary judgment for T.J. Maxx as the only appropriate course.[2] *Id.*; *see also Hazley*, 2014 WL 5366115.

---

[1] The Court notes that slip-and-fall cases are not the type that lend themselves to a *res ipsa loquitor* argument. *Res ipsa loquitor* "is an evidentiary doctrine which allows a jury to infer negligence on the part of the defendant." *Sadr v. Hager Beauty Sch., Inc.*, 723 S.W.2d 886, 887 (Ky. Ct. App. 1987). "If the inference is forceful enough it can create a rebuttable presumption of negligence." *Id.* "Reliance upon the doctrine of *res ipsa loquitor* is predicated upon a showing that (1) the defendant had full control of the instrumentality which caused the injury; (2) the accident could not have happened if those having control had not been negligent; and (3) the plaintiff's injury resulted from the accident." *Id.* However, the "fact that some mystery accompanies an accident does not justify the application of the doctrine of *res ipsa loquitor*." *Cox v. Wilson*, 267 S.W.2d 84, 84 (Ky. 1954). Thus, a "lack of knowledge as to the cause of the accident does not call for the application of the doctrine." *Id.* "The separate circumstances of each case must be considered and from them it must be first decided whether according to common knowledge and experience of mankind, this accident could not have happened if there had not been negligence." *Id.*

Slip-and-falls are not the sort of accidents that cannot happen absent the negligence of another. People, young and old, frequently trip over their own feet. Therefore, there is no justification for applying the doctrine of *res ipsa loquitor* in this case.

[2] Plaintiff also attempts to survive summary judgment by arguing that the store manager, Ms. Roush, cannot disprove the existence of a foreign substance on the floor. (Doc. # 10 at 7-8) ("Ms. Roush's testimony … does not conclusively establish that there was not a foreign substance on the fitting room floor prior to Ms. McCord's fall."). However, this argument confuses *Lanier*'s burden-shifting framework. The Plaintiff is the one who must prove the existence of a foreign substance on T.J. Maxx's floor; T.J. Maxx is not required to prove a negative.

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Defendant The T.J. Maxx Companies, Inc.'s Motion for Summary Judgment (Doc. # 9) is **granted** in full;

(2) Plaintiff's Complaint (Doc. # 1-2) is dismissed with prejudice; and

(3) A judgment shall be filed contemporaneously herewith.

This 2nd day of August, 2017.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\Opinions\Covington\2017\17-29 McCord MOO FINAL.docx